**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GIO VILLANUEVA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 19-cv-7184 |
| DR PEPPER/SEVEN UP, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332(a), 1332(d), 1441, and 1446, Defendant Dr Pepper/Seven Up, Inc. ("Dr Pepper/Seven Up") hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is proper because this Court has diversity jurisdiction, jurisdiction under the Class Action Fairness Act ("CAFA"), and federal question over plaintiff's claims. In support of this Notice of Removal, Dr Pepper/Seven Up states as follows:

**I.     BACKGROUND**

1.      On July 2, 2019, plaintiff Gio Villanueva filed a class action complaint in the Circuit Court of Cook County, No. 2019 CH 07934, individually and on behalf of all others similarly situated, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA"). (Complaint attached hereto as Exhibit A). Dr Pepper/Seven Up is the only named defendant.

-1-

2.     Dr Pepper/Seven Up was served with a copy of the summons and complaint on October 1, 2019.

3.     Pursuant to 28 U.S.C. § 1446(a), "copies of all process, pleadings, and orders that have been filed and served in the State court action attached hereto as Exhibit A.

4.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Dr Pepper/Seven Up was served with the complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

5.     Plaintiff's class action complaint alleges that he was required to clock-in and clock-out using a timeclock that operated, in part, by scanning plaintiff's fingerprint. (Complaint, ¶32, attached as Exhibit A). Plaintiff alleges that as an employee, he was "required to scan at least one fingerprint, multiple times" so Dr Pepper/Seven Up could "create, collect, capture, construct, store, use, and/or obtain a biometric template for Plaintiff" that was then used "to track his time, potentially with the help of a third-party vendor." (Complaint, ¶¶33-34). More specifically, he alleges that "each time Plaintiff began and ended his workday, in addition to clocking in and out for lunches, he was required to scan his fingerprint using the biometric timeclock device." (Complaint, ¶36). Plaintiff alleges this was a requirement of his employment and that the "above-described use of biometrics benefits only Defendant. There is no corresponding benefit to employees: Defendant has required or coerced employees to comply in order to receive a paycheck, after they have been committed to the job." (Complaint, ¶68).

6.     Based on the above, plaintiff filed a two-count complaint alleging that Dr Pepper/Seven Up violated BIPA in various ways. In Count I, plaintiff alleges that Dr Pepper/Seven Up violated section 15(a) of BIPA by failing to establish, maintain, and make publicly available a biometric data retention and deletion policy. (Complaint, ¶75). For these

violations, plaintiff seeks, both individually and on behalf of a putative class, $5,000 for "each" intentional or reckless violation or, in the alternative, $1,000 for "each" negligent violation, as well as attorney fees, costs, litigation expenses, and pre-and post-judgment interest. (Complaint, ¶82).

7.      In Count II, plaintiff alleges that Dr Pepper/Seven Up violated section 15(b) of BIPA by failing to provide proper notice and failing to obtain the proper written consent before capturing and using plaintiff's biometric information. (Complaint, ¶84).[1] Again, both individually and on behalf of a putative class, plaintiff seeks $5,000 for "each" intentional and/or reckless violation, or $1,000 for "each" negligent violation as well as attorneys' fees, costs, and interest. (Complaint, ¶92).

8.      On September 11, 2019, plaintiff also filed a motion for class certification and request for discovery on certification issues. (Motion for Class Certification attached as part of Exhibit A). In his motion, "Plaintiff seeks to certify a class consisting of *several hundred or more* individuals who had their biometrics collected, captured, and/or stored by Defendant in the state of Illinois during the applicable statutory period in violation of BIPA." (*Id.* at 1) (emphasis added). Plaintiff seeks to certify the following class:

> All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period.

(*Id.* at 4).

## II.      REMOVAL PURSUANT TO 28 U.S.C. §1332(a)

9.      Removal is proper under 28 U.S.C. §§ 1332(a) and 1441 where there is complete diversity of citizenship between a plaintiff and a defendant, and the amount in controversy exceeds $75,000. *Carroll v. Striker Corp*. 658 F.3d 675, 680-81 (7th Cir. 2011).

---

[1] Plaintiff incorrectly cites to section 15(d) in the caption of Count II, however the allegations in Count II make clear that plaintiff is attempting to assert a violation a section 15(b) for failure to obtain informed written consent.

10. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Dr Pepper/Seven Up is incorporated in Delaware and has dual principal places of business in Plano, Texas, and Burlington, Massachusetts.[2] (Declaration of Anthony DeAngelis attached as Exhibit B). Accordingly, Dr Pepper/Seven Up is a citizen of Delaware, Texas, and Massachusetts.

11. Plaintiff is a citizen of Illinois. (Complaint, ¶4). Because defendant is a citizen of Delaware, Texas, and Massachusetts and plaintiff is a citizen of Illinois, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

12. As to the jurisdictional amount of $75,000, the court considers the totality of the relief sought, including "monetary damages, attorneys' fees, and the cost a defendant incurs in complying with injunctive relief." *Tropp v. Western-Southern Life Ins. Co*, 381 F. 3d 591, 595 (7th Cir. 2004). Moreover, for purposes of assessing the amount in controversy, plaintiff's allegations are accepted as true and the *potential* damages based on the allegations in the complaint are to be assessed. *Andrews v. E.I. Du Pont De Nemours and Co*. 447 F.3d 510, 515 (7th Cir. 2006).

13. Plaintiff was employed, and allegedly was required to use his biometric information to clock-in and out, from October 22, 2018 to January 16, 2019. (Declaration of Anthony DeAngelis ¶7).

14. While Dr Pepper/Seven Up denies that plaintiff is entitled to any damages at all, for purposes of this threshold amount, plaintiff seeks $5,000 per violation, or alternatively $1,000

---

[2] Similarly, while not a named party at this time, plaintiff's actual employer and the real party in interest was The American Bottling Company. The American Bottling Company is also incorporated in Delaware with its dual principal places of business in Plano, Texas and Burlington, Massachusetts. The American Bottling Company is a wholly owned subsidiary of Dr Pepper/Seven Up, Inc. (Ex. B).

per negligent violation. Plaintiff also alleges that he was required to scan in and out at both the beginning and end of each workday, as well as in and out for his lunch break. Thus, even using the lower amount of $1,000 for "each" violation, with the plaintiff swiping 4 times a day, it would only take 19 days of work for plaintiff to exceed the $75,000 threshold.[3] Considering plaintiff's period of employment spanned longer than 19 days, namely from October 22, 2018 to January 16, 2019, the amount in controversy requirement is easily met.

### III.    REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

15.    The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Accordingly, CAFA expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant ("minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. 28 U.S.C. § 1332(d); *Roppo v. Travelers Commer. Ins. Co.*, 869 F. 3d 568, 578 (7th Cir. 2017).

16.    The "party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties. A removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Roppo,* 849 F.3d at 579; *citing Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 579.

---

[3] $1,000 x 4 x 19= $76,000.

17.     Here, plaintiff seeks to certify a class of "several hundred or more individuals." (Motion for Class Certification, pg. 1). Plaintiff is a citizen of Illinois while Dr Pepper/Seven Up is a citizen of Delaware, Texas, and Massachusetts. Accordingly, at least one member of the class of plaintiffs is a citizen of a state different from Dr Pepper/Seven Up. As such, the first and second elements of CAFA are clearly satisfied.

18.     For the amount in controversy, plaintiff alleges there are "several hundred" class members and seeks at minimum $1,000 per "each" violation. Dr Pepper/Seven Up employed more than several hundred people during this time period. Nevertheless, assuming "several hundred" class members is only 200 employees, and using the lower amount of $1,000 per violation, it would only take 26 violations for each class member to reach the $5,000,0000 threshold.[4] Considering plaintiff's allegations that employees were required to scan their fingerprints "multiple times," including the start and end of a shift, and for lunch breaks, the amount in controversy requirement is easily satisfied.

## IV.     REMOVAL UNDER 28 U.S.C. §1331

19.     Removal is also proper under 28 U.S.C. § 1331 because this matter arises under the laws of the United States.

20.     As attested to in the Declaration of Anthony DeAngelis, plaintiff was a member of a union, Local 710 ("Union"). The Union entered into a collective bargaining agreement ("CBA") with plaintiff's employer, The American Bottling Company. The CBA was in effect during plaintiff's employment. (Declaration of Anthony DeAngelis, Exhibit B).

21.     The CBA states that its purpose is to "set forth the agreement covering rates of pay, hours of work, and other conditions of employment to be observed between the parties to this

---

[4] 200 x $1,000 x 26=$5,200,000.

Agreement." (Exhibit 1 to Declaration). Article 2.1 of the CBA further states that plaintiff's employer "recognizes the Union as the *exclusive bargaining agent* with respect to wages, hours and other conditions of employment…" (Exhibit 1 to Declaration, Art. 2.1) (emphasis added).

22.     Moreover, Article 9.1 states that plaintiff's employer "shall retain and have the exclusive, traditional rights to decide and act with respect to the managing of the business and the plants and the direction of the working force…" (Exhibit 1 to Declaration, Art. 9.1).

23.     Article 20 of the CBA details a grievance procedure that applies to "All differences arising out of the interpretation or application of any provision of this Agreement." Additionally, Article 20 states that the CBA "is the entire agreement between the parties and is the result of the extensive negotiations in which both parties had the right and the opportunity to submit proposals and to negotiate their proposals with the other party." (Exhibit 1 of Declaration, Art. 20.1, 20.2).

24.     Plaintiff specifically alleges the Dr Pepper/Seven Up violated section 15(b) of BIPA which requires a private entity to provide written notice and obtain written consent before obtaining an individual's biometric data. 740 ILCS 14/15(b). Significantly, BIPA permits the notice and consent requirements to be satisfied through "the subject's legally authorized representative." *Id.*

25.     Whether an employer satisfied BIPA notice and consent requirements, through its negotiations with the Union and encompassed by the terms of the CBA, requires the interpretation of the CBA language concerning the employer's rights to manage and direct its workforce and the Union's right to negotiate the union members' conditions of employment. This need is highlighted by plaintiff's own allegation that the "above-described use of biometrics benefits only Defendant. There is no corresponding benefit to employees: Defendant has required or *coerced employees* to

comply in order to receive a paycheck, after they have been committed to the job." (Complaint, ¶68) (emphasis added).

26.     Notably, the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158, governs unfair labor practices, including to coerce employees in the exercise of their rights to collective bargaining. The NLRA preempts state law claims "if it conflicts with the underlying goals and policies of the NLRA or stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *520 S. Mich. Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1125 (7th Cir. 2008). Here, it is well-settled that, "if a dispute necessarily entails the interpretation or administration of a collective bargaining agreement, there's no room for employees to sue under state law--in other words, state law is preempted to the extent that a state has tried to overrule the union's choices on behalf of the workers." *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 904 (7th Cir. 2019), citing *Lingle v. Norge Div. of Magic Chef*, 823 F.2d 1031 (7th Cir. 1987). In *Miller* the 7th Circuit noted that it was "not even possible" to litigate a dispute about how an employer requires and uses biometric data for its workforce "without asking whether the union has consented on the employee's collective behalf." *Id.* at 904. Accordingly, this matter is federally preempted by the NLRA and removal is proper under 28 U.S.C. §1331.

### V. VENUE AND NOTICE

27.     Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court.

28.     Defendant will provide written notice of the filing of the Notice of Removal to plaintiff and the Circuit Court of Cook County.

WHEREFORE, defendant, DR PEPPER/SEVEN UP, INC., hereby removes this civil action to this Court on the basis of diversity jurisdiction, this Court's original jurisdiction over this action under the Class Action Fairness Act, and federal question jurisdiction.

Dated: October 31, 2019                                  Respectfully submitted,

                                                         DR PEPPER/SEVEN UP, INC.

                                                         By:____/s/ *James J. Sipchen*_____

James J. Sipchen (IL Bar No. 6226113)
John H. Scheid, Jr. (IL Bar No. 6226015)
Kayla A. Condeni (IL Bar No. 6316635)
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive - Suite 2500
Chicago, Illinois 60606
Telephone:      (312) 578-7422
E-Mail:         jsipchen@pretzel-stouffer.com
*Attorneys for Defendant Dr Pepper/Seven Up, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 31, 2019, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail address denoted on the electronic Mail Notice List.

I also certify, pursuant to 28 U.S.C. § 1446(d), Federal Rules of Civil Procedure Rule 5(b), Local Rule 5.5, that a copy of the foregoing was sent via electronic mail to the adverse party in this matter at:

Brandon M. Wise
Paul A. Lesko
Peiffer Wolf Carr & Kane, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
bwise@pwcklegal.com
plesko@pwcklegal.com

By: _____/s/ *James J. Sipchen*_____